# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DISTRICT

**JAMES V. ATKINS**                                                                                          **PLAINTIFF**

**v.**                                              **4:15CV00373-JM-JJV**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                      **DEFENDANT**

## RECOMMENDED DISPOSITION

### Instructions

The following recommended disposition was prepared for United States District Judge James M. Moody, Jr. A party to this dispute may object to this recommendation in writing. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the Clerk of the Court no later than fourteen days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within fourteen days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Moody may adopt the recommended disposition without independently reviewing the record evidence. An objecting party who seeks to submit new, different, or additional evidence, or to obtain a hearing for that purpose, must address the following matters as part of written objections: (1) why the record before the magistrate judge was inadequate, (2) why the evidence was not presented to the magistrate judge, and (3) details and/or copies of any testimony and/or documents to be proffered at a hearing.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

Based on this submission, Judge Moody will determine the need for a hearing.

**Recommended Disposition**

This report recommends dismissing this case for failing to prosecute and failing to comply with court orders. Plaintiff James Atkins filed this case on June 22, 2015, and asked for judicial review of the denial of his application for social security disability benefits.

Plaintiff's brief was initially due on November 9, 2015 (Doc. No. 17). At that point, Plaintiff ceased communicating, so the Court directed him to file a brief by December 16, 2015 (Doc. No. 20). The Order cautioned Plaintiff that his case would be dismissed if he failed to file a brief. Plaintiff did not file a brief.

Under Local Rule 5.5, a pro se plaintiff must diligently prosecute his case. The rule provides for case dismissal if the plaintiff fails to respond to a court order. Federal Rule of Civil Procedure 41(b) permits the court to dismiss a case for failing to prosecute; the rule also permits the court to dismiss a case for failing to comply with a court order.[3] Dismissal is appropriate under both rules, because Plaintiff has not prosecuted his case and has twice failed to comply with Orders directing him to file a brief.

**Conclusion and Recommendation**

Mr. Atkins failed to prosecute his case and failed to comply with orders directing him to file a brief. For these reasons, the Court recommends dismissing this case, without prejudice, under

---

[3]*See* Fed. R. Civ. P. 41(b) (permitting defendant to move for dismissal on grounds plaintiff failed to prosecute his case); *Mann v. Lewis*, 108 F.3d 145, 147 (8th Cir. 1997) (district court may dismiss case if party fails to comply with its orders; court must be able to manage its docket to resolve cases expeditiously so opposing party isn't prejudiced because of dilatory conduct).

Local Rule 5.5 and Fed. R. Civ. P. 41(b).  Plaintiff may still file a brief if he does so within the fourteen-day time period for objecting to this recommended disposition.

    Dated this 23rd day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE